UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>D-1 Robert Cortez Burrell,<br><br>Defendant.<br>_____/ | Case:3:21-cr-20395<br>Judge: Cleland, Robert H.<br>MJ: Patti, Anthony P.<br>Filed: 06-16-2021 At 01:34 PM<br>INDI USA V. SEALED MATTER (DA)<br><br>Violations:<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 922(g)(1) |

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **COUNT ONE**
### 21 U.S.C. § 841(a)(1) - Possession with intent to distribute a controlled substance

D-1 Robert Cortez Burrell

1.     On or about December 10, 2020, in the Eastern District of Michigan, and elsewhere, defendant, Robert Cortez Burrell, did knowingly and unlawfully, possess with the intent to distribute a controlled substance, specifically, more than 400 grams of a substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide, also known as "fentanyl," which is a schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO
### 21 U.S.C. § 841(a)(1) - Possession with intent to distribute a controlled substance

D-1 Robert Cortez Burrell

2.   On or about December 10, 2020, in the Eastern District of Michigan, and elsewhere, defendant, Robert Cortez Burrell, did knowingly and unlawfully, possess with the intent to distribute a controlled substance, specifically, more than 100 grams of heroin, which is a schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE
### 18 U.S.C. § 922(g)(1) - Felon in possession of a firearm

D-1 Robert Cortez Burrell

3.   On or about December 10, 2020, in the Eastern District of Michigan, and elsewhere, defendant, Robert Cortez Burrell, after having previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year (a felony offense), knowing that he has been so previously convicted, did knowingly and unlawfully possess a firearm, that is, one sterling semi-automatic pistol said firearm having previously traveled in interstate and/or foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d) and 28 U.S.C. § 2461

4. The allegations contained in Count(s) One, Two, Three and Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853, 21 U.S.C. § 853, 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

5. As a result of violating Title 21, United States Code, as set forth in this Indictment, Defendant shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and (b) any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, pursuant to Title 21 United States Code, Section 853(a).

6. Upon conviction of the offense charged in Count Four of this Indictment, Defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and 28 United States Code, Section 2461, any firearm or ammunition involved in said offense including but not limited to: Sterling semi-automatic pistol, 13 rounds of .40 caliber ammunition, 71 rounds of .40 caliber ammunition, and 6 rounds of 9mm ammunition.

7. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney

JULIE A. BECK
Chief, Drug Task Force Unit

*s/Jihan Williams*
JIHAN WILLIAMS
Assistant United States Attorney

Dated: June 16, 2021

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case: 3:21-cr-20395<br>Judge: Cleland, Robert H.<br>MJ: Patti, Anthony P.<br>Filed: 06-16-2021 At 01:34 PM<br>INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurate

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐Yes ☑No | AUSA's Initials: JMW |

**Case Title:** USA v. Robert Cortez Burrell

**County where offense occurred:** Wayne

**Offense Type:** Felony

Indictment -- **no** prior complaint

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

**Reason:**

| Defendant Name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

June 16, 2021
Date

Jihan Williams
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
jihan.williams@usdoj.gov
(313) 226-9520
Bar #: P77686

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.