**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 21-20395

ROBERT CORTEZ BURRELL,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S SEPTEMBER 6, 2022 MOTIONS**

Pending before the court are Defendant Robert Cortez Burrell's "Motion to Suppress Evidence for Violation of FRCP 41" (ECF No. 31) and "Motion to Dismiss Counts Four & Five under the Second Amendment" (ECF No. 32). For the reasons set forth below, the court will deny Defendant's motions.

**I. BACKGROUND**

On June 16, 2021, a grand jury indicted Defendant with two counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm, 18 U.S.C. §922(g)(1). (ECF No. 1.)[1] On September 10, 2021, the court issued the "Order Establishing Schedule, Setting Final Pretrial/Guilty Plea Cutoff and Trial Dates" (ECF No. 12.) With respect to motions, the order states, in relevant part:

---

[1] As of August 3, 2022, Defendant is charged by a second superseding indictment with two counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1), one count of maintaining a drug premise, 21 U.S.C. § 856(a)(1), two counts of felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1). (ECF No. 28.)

> **I. MOTIONS:** Any pre-trial motion is to be filed on or before 10/8/2021[.] [There is] no exception for motions "*in limine*" concerning the admissibility of items of evidence, unless the subject of the motion is disclosed only after the deadline, or leave of court is obtained for good cause. . .

(ECF No. 12, PageID. 25.) Upon the parties' stipulations, the court extended the motion cut-off date to March 10, 2022. (ECF Nos. 14-16.)

On that deadline, Defendant filed a motion to suppress evidence stemming from the execution of search warrants at his residences located in Wayne County, Michigan. (ECF No. 18.) Defendant argued that the warrant affidavits submitted to magistrate judges in Wayne County did not furnish sufficient probable cause. (*Id.*, PageID.58.) The affidavits were signed by Detective Scott Tiderington, who attested that he was "currently assigned to the United States Drug Enforcement Administration (DEA), Task Force Group 8 (TFG8) as a Task Force Officer. . ." (ECF No. 18-2, PageID.75; ECF No. 18-3, PageID.95; ECF No. 18-4, PageID.115; ECF No. 18-5, PageID.135.) The affidavits also described the investigation undertaken by the DEA after receiving an anonymous tip of Defendant's drug trafficking activities in late September 2020, including the obtainment of a warrant to affix a GPS monitoring to Defendant's vehicle in November 2020 from "the 35th District Court in Plymouth, Michigan." (ECF No. 18-2, PageID.85; ECF No.18-3, PageID.105; ECF No. 18-4, PageID.125; ECF No. 18-5, PageID.145.)

On May 21, 2022, the court issued the Opinion and Order Denying Defendant's Motion to Suppress. (ECF No. 21.) Among others, the court found that "the affidavits in support of the warrant application established probable cause to believe Defendant not only engaged in drug trafficking, but also that he either resided in or utilized each of the properties to further his drug trafficking operations." (ECF No. 21, PageID.281.)

2

On June 2, 2022, the parties submitted another stipulation to continue the plea cut-off and trial date. (ECF No. 22.) Then, on July 20, 2022, the parties submitted another stipulation to adjourn trial date to September 20, 2022. (ECF No. 27.) Neither party asked to extend the motion cut-off date, and the justifications for these continuation requests did not include a need for Defendant to file additional motions. (ECF Nos. 22, 27.) The court granted the parties' requests and set the trial date for September 20, 2022. (ECF No. 27, PageID.306.)

With two weeks until trial, Defendant now moves to suppress evidence obtained from the warrant to affix GPS monitoring device and the same residence search warrants that were the subject of his March 2022 motion. (ECF No. 31.) Defendant argues that the warrants were obtained in violation of Federal Rule of Criminal Procedure 41 because they were submitted to state magistrates instead of available federal magistrate judges in the district. (*Id.*, PageID.321-22.) Simultaneously, Defendant moves to dismiss his felon-in-possession charges (ECF No. 32.) He argues that the criminal statute prohibiting a convicted felon from possessing firearms and ammunitions, 18 U.S.C. §922(g), violates the Second Amendment of the United State Constitution, in light of the Supreme Court's June 23, 2022 decision in *New York State Rifle & Pistol Association, Inc v. Bruen*, 142 S.Ct. 2111 (2022).

## II. STANDARD

Under the Federal Rules of Criminal Procedure, pre-trial motions, including motions for a defect in the indictment and for suppression of evidence, must be raised before the deadline set by the court. Fed. R. Crim. P. 12(b)(3)(B), (C),(c). "If a party fails to raise a defense or objection that must be made by pretrial motion before the

3

deadline, that defense or objection is waived." *United States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2010) (citing *United States v. Kincaide,* 145 F.3d 771, 778 (6th Cir.1998)). "The potential harshness of a strict application of this rule is mitigated by a safety valve that allows district courts to grant relief from the waiver for 'good cause.'" *Id.* (citation omitted).

### III. DISCUSSION

### A. Motion to Suppress

Defendant filed the instant motion to suppress almost six months after the motion cut-off deadline. Defendant has ignored this fact and provided no justification – let alone "good cause" – to warrant relief from his waiver of the issues now raised in his motion. The court also cannot see any "good cause." Defendant knew the relevant facts presented in his motion – that DEA obtained the warrants at issue from state magistrates – well before the motion cut-off deadline, which is evident by his March 2022 motion and its exhibits. Defendant cannot have any reasonable excuse as to why the issue now being raised at the dawn of trial could not have been timely presented to the court.

Even had the motion been timely, Defendant's arguments are not persuasively presented. For example, Defendant claims that he was prejudiced from the alleged violation of Rule 41 as "there was no probable cause to search the residences because the affidavits failed to link any drug activity to those locations." (ECF No. 31, PageID.322.) However, the court has previously rejected the same exact argument. (ECF No. 21, PageID.281.) Therefore, the court has no reason to believe Defendant's

4

contention which clearly contradicts the law of the case[2] and that "had [the federal magistrate judges] reviewed the search warrants, it is likely that they would not have authorized them." (ECF No. 31, PageID.322.)

### B. Motion to Dismiss

Defendant's motion to dismiss is likewise untimely.[3] While the Supreme Court decided *Bruen* on June 23, 2022, writ of certiorari was granted in April 2021, *New York State Rifle & Pistol Ass'n, Inc. v. Corlett*, 141 S. Ct. 2566 (2021). And briefings and oral argument concluded on November 3, 2021. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* No.19-156 (Docket).[4] Defendant could ask the court, as the parties had done in this case, to extend the motion cut-off date in anticipation of any "dramatic shift in Second Amendment law." (ECF No. 32, PageID.340.) Yet, Defendant did not do so, even after the case had been decided. Instead, he waited till the eve of trial to bring his motion to dismiss. This is not proper.

The substance of Defendant's motion to dismiss is also unsound. Federal courts nationwide have rejected similar facial constitutional challenges to the felon-in-possession statute. *See United States v. Ingram*, No. CR 0:18-557-MGL-3, 2022 WL 3691350 (D.S.C. Aug. 25, 2022); *United States* v. *Nutter*, No. 2:21-CR-00142, 2022 WL 3718518, at *8 (S.D.W. Va. Aug. 29, 2022) (citing cases and remarking, "This Court has

---

[2] The law-of-the-case doctrine mandates that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp. UAW,* 300 F.3d 711, 715 (6th Cir.2002).
[3] Defendant also violates the court's order by not complying with Local Rule 7.1(a) as the motion to dismiss did not state any attempt to seek concurrence from the government. (ECF No. 12.)
[4] The Supreme Court's docket of *Bruen* is available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-843.html.

5

not identified any district court that has granted a similar motion to dismiss any criminal charge under Section 922(g), to date.").

## IV. CONCLUSION

IT IS ORDERED that Defendant's' "Motion to Suppress Evidence for Violation of FRCP 41" (ECF No. 31) and "Motion to Dismiss Counts Four & Five under the Second Amendment" (ECF No. 32) are DENIED.

                                                s/Robert H. Cleland    /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: September 7, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 7, 2022, by electronic and/or ordinary mail.

                                                s/Karri Sandusky for Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522